PEARSON, Judge
(dissenting).
It is my view that jeopardy attaches in a trial of a criminal cause without jury when the trial starts. It seems artificial and without basis in reason to hold that the trial is only begun when the court hears testimony. When the court calls the case for trial and no preliminary motion is granted then the trial has started. A subsequent refusal of the State to proceed is at the State’s peril.
The majority cites several cases that hold that jeopardy does not attach until the court begins to hear the evidence. In the case sub judice they make the common mistake of confusing the taking of testimony with that of evidence. Crosby v. State, 90 Fla. 381, 106 So. 741, 747 (1925); In re Fisher’s Estate, 47 Idaho 668, 279 P. 291 (1929); Mick v. Mart, 65 A. 851 (N.J. 1907); Commonwealth ex rel. Hendrickson v. Myers, 393 P. 224, 144 A.2d 367, 370 (1958); 13 Fla.Jur. Evidence § 3 (1957). Applying the correction definition to the majority’s reasoning we come to the conclusion that when the first witness is sworn, regardless of whether testimony has or has not been taken, eo instanti the trial judge begins to take note of the evidence and jeopardy attaches.
In the instant case, the cause was called for trial and it was only after evidence was offered and objection sustained that the State attempted to enter a nolle prose-qui. The refusal of the State to proceed was a unilateral announcement and terminated the trial. The trial judge correctly held that the subsequent prosecution was barred.
I would affirm.